IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. McVICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-00436 |
| | ) | |
| CHRISTOPHER W. KING, Jefferson Hills Borough Council Member in his official and individual capacity; JAMES A. WEBER, Jefferson Hills Borough Council Member in his official and individual capacity; JANICE R. CMAR, Jefferson Hills Borough Council Member in her official and individual capacity; and KATHLEEN REYNOLDS, Jefferson Hills Borough Council member in her official and individual capacity; and THE BOROUGH OF JEFFERSON HILLS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is the MOTION FOR SANCTIONS PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE filed by Plaintiff, William L. McVicker (Document No. 39), the RESPONSE and BRIEF IN OPPOSITION filed by Defendants (Document Nos. 43 and 44), and the REPLY TO DEFENDANT'S BRIEF filed by Plaintiff (Document No. 47). For the reasons that follow, the Motion for Sanctions will be **GRANTED IN PART** and **DENIED IN PART.**

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from support or opposing designated

claims or defenses, to monetary damages or even the dismissal of all or part of the action. Fed.R.Civ.P. 37(b)(2)(A)(i) - (vii).

First, Plaintiff contends that the Defendants violated the Order of Court filed January 26, 2010 when it delivered to Chambers for an in-camera review copies of unredacted invoices submitted for payment for legal services rendered by the Borough solicitor for the period of January 1, 2008 through October 31, 2008. Plaintiff criticizes Defendants for (i) not producing to him the unredacted copies of the bills on or before February 2, 2010 and/or (ii) "waiting until the afternoon of February 2, 2010 to submit the documents for an in-camera review and did not provide the Plaintiff with any of the bills from the Solicitor." Mot. at ¶ 5.

The Order of Court filed January 26, 2010, specifically stated as follows:

> On or before February 2, 2010, Defendants shall produce unredacted copies of all bills submitted for payment by the Borough Solicitor for the period from January 1, 2008 through October 31, 2008. <u>To the extent that said bills actually reflect privileged legal advice or litigation strategy to a client, same may be submitted to the Court for an in camera review as soon as possible.</u>

Order of Court, January 26, 2010, Paragraph 1 (emphasis added) (Document No. 37).

On February 2, 2010, via hand delivery, counsel for Defendants hand delivered to Chambers for an in-camera review "unredacted legal bills submitted by Solicitor Michael Adams and his law firm from January 2008 until October 31, 2008."

Plaintiff posits that "[t]he Order was clear that the unredacted documents were to be produced by February 2, 2010 and the Defendants ignored this directive from the Court." *Id.* at ¶ 6.

The Court finds Plaintiff's position to be without merit. It was the position of Defendants and their counsel that <u>all</u> of the invoices submitted by Solicitor Michael Adams and

his law firm were protected by the attorney-client privilege. Therefore, prior to the in-camera review and the Court's ruling which resulted therefrom, Defendants had no obligation to produce the invoices to Plaintiff. Further, the Court finds that Defendants were not dilatory in seeking an in-camera review. The documents were delivered to Chambers five (5) working days after the Order of January 26, 2010 was filed. Further, counsel for Defendants has represented that he was out of the office from January 28, 2010 to January 30, 2010, and, therefore, was not able to provide the invoices to the Court until February 2, 2010.

Moreover, the Court ruled on February 8, 2010, that Defendants' blanket assertion that all of the invoices at issue were protected by the attorney-client privilege was without merit and ordered that Defendants provide counsel for Plaintiff with a copy of the unredacted invoices forthwith, but in no event later than Wednesday, February 10, 2010. It appears that the invoices were then hand-delivered to Plaintiff's counsel on February 9, 2010. *See* Br. in Opp'n at n.3.

For these reasons, the Court cannot find that Plaintiff has been prejudiced, that Defendants failed to comply with the Order of January 26, 2010, or that the actions of Defendants were willful or in bad faith.

Next, Plaintiff contends that because of the delay encountered as a result of the necessity of Plaintiff having to file a Motion to Compel, he is not able to complete the depositions of Mayor Green of the Borough of Jefferson Hills, the Borough Manager, and Councilman Weir before the close of discovery on February 19, 2010. As a result, Plaintiff requests that discovery remain open for a limited time solely for the purpose of completing these three (3) depositions. The Courts finds this request to be reasonable. Plaintiff's request

is **GRANTED** and discovery shall remain open until **March 4, 2010**, solely for the purpose of completing the depositions of Mayor Green of the Borough of Jefferson Hills, the Borough Manager, and Councilman Weir.

Third, Plaintiff requests the opportunity to reconvene the depositions of the four (4) Individual Defendants because "[t]he documents that the Defendants produced in response to Judge McVerry's Order of January 26, 2010 demonstrate that the Defendants received notice of the EEOC charge in May, 2008;" and that "the Interrogatory Answers and Response to Requests for Production of Documents that were served on December 9, 2009 were misleading." According to Plaintiff, the Individual Defendants all provided deposition testimony that the termination of Plaintiff's employment was not discussed until shortly before the Executive Session on September 8, 2008, however, the deposition testimony of the Individual Defendants is contradicted by the deposition testimony of other members of Council, who are not named Defendants.

It is noteworthy to observe that Defendants objected to Interrogatory No. 11 and the Request for Production on the basis that the term "EEOC Charge" was not defined and that Subparagraph 11(a) referred to "EEOC claim."[1] Without waiving objection, Defendants responded that "all of Borough Council received a copy of the July 2, 2008 letter" from Attorney Robert Bootay, which enclosed a copy of the EEOC Questionnaire completed by Plaintiff.

---

[1] Interrogatory No. 11 reads as follows: "Please identify by date when each of the named Defendants first learned of the <u>EEOC charge</u> filed by Plaintiff. . . ." Interrogatory No. 11 (a) reads as follows: "When did the named Defendants first learn of the <u>EEOC claim</u>, including but not limited to the filing of the intake questionnaire." Mot. for Sanctions, Exhibit L (emphasis added).

In reviewing the documents submitted in support of the Response to the Motion for Sanctions, it appears to the Court that on May 23, 2008, the Borough Manager forwarded a copy of the EEOC Notice of Charge of Discrimination to the Borough's insurance carrier; that in July of 2008, the Individual Defendants were provided with a copy of the Questionnaire that Plaintiff had provided to the EEOC; that Plaintiff signed his EEOC Complaint for Age Discrimination on September 3, 2008; that the Complaint was received by the EEOC on September 11, 2008, and that the Borough of Jefferson Hills received a copy of the EEOC Complaint on September 12, 2008.

Whether and which Defendants were on notice in May, June, July, August, or September is a subject for cross-examination at trial.  Accordingly, Plaintiff's request to reconvene the depositions of the four (4)individual defendants is **DENIED.**

Plaintiff's last objection revolves around the deposition testimony of Mr. Tracey Khalil.[2] During his deposition, Mr. Khalil stated that Borough Council had discussed the employment of Plaintiff during its Executive Session Meeting held in April 2008 and that he had "one little note that said we talked about it." Khalil Deposition, at 60.  Plaintiff alleges that he has not received this note, even though it has been requested.

In response, Defendants represent that Mr. Khalil testified in error, and that after his deposition, "[i]n subsequently reviewing all of his notes, Mr. Khalil determined that there were no notes from the April 2008 Executive Session, but rather, his testimony was based upon the notes from the June 2008 meeting which were present at the time of his deposition." *See*

---

[2]  Mr. Khalil is a not a defendant in this matter.  He was a member of Council in September 2008, but did not vote to fire Plaintiff as he left the Council meeting early that evening.

Response. at 15.  Further, Mr. Khalil has submitted a sworn Affidavit in which he specifically states that "[w]hile compiling notes I noticed that the note I had reviewed prior to the deposition and discussed at the deposition as originating from an April 2008 Executive Session was actually from a June 2008 meeting.  Therefore, I was mistaken in my deposition testimony regarding whether I had in my possession at the time of the deposition, or at any time prior or since the deposition, notes from the April 2008 Executive Session . . . ." *See* Affidavit of Tracey P. Khalil, Exhibit 19, at ¶ ¶ 11-12 (Document No. 44)

For all the foregoing reasons, the Motion for Sanctions is **GRANTED** as to Plaintiff's request for discovery to remain open until **March 4, 2010**, solely for the purpose of completing the depositions of Mayor Green of the Borough of Jefferson Hills, the Borough Manager, and Councilman Weir, and  **DENIED** in all other respects.

So **ORDERED** this 16th day of February, 2010.


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:	Fred C. Jug, Jr., Esquire
	Brandt, cMilnes & Rea
	Email: fredjug@covad.net

	Robert J. Grimm, Esquire
	Swartz Campbell
	Email: rgrimm@swartzcampbell.com