IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM L. McVICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 09-cv-00436 |
| ) | |
| CHRISTOPHER W. KING, Jefferson Hills ) | |
| Borough Council Member in his official and ) | |
| individual capacity; JAMES A. WEBER, ) | |
| Jefferson Hills Borough Council Member in ) | |
| his official and individual capacity; JANICE ) | |
| R. CMAR, Jefferson Hills Borough Council ) | |
| Member in her official and individual capacity; ) | |
| and KATHLEEN REYNOLDS, Jefferson Hills ) | |
| Borough Council member in her official and ) | |
| individual capacity; and THE BOROUGH OF ) | |
| JEFFERSON HILLS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION TO COMPEL RESPONSE TO SUBPOENA directed to non-party Trib Total Media, Inc., with brief in support, filed by Plaintiff, William L. McVicker (Document Nos. 40 and 41), the BRIEF IN OPPOSITION filed by Trib Total Media (Document Nos. 49), and the REPLY BRIEF filed by Plaintiff (Document No. 50). For the reasons that follow, the Motion to Compel Response to Subpoena will be denied.

**Background**

On April 14, 2009, Plaintiff, William L. McVicker, filed the instant lawsuit in which he alleges that Defendants, the Borough of Jefferson Hills (the "Borough") and certain Borough Council members (the "Individual Defendants"), unlawfully terminated his

employment with the Borough in violation of Title VII, the Age Discrimination in Employment Act, the First Amendment, the Fourteenth Amendment's Equal Protection Clause, and the Pennsylvania Human Relations Act.

Plaintiff's employment was terminated by Borough Council immediately following a Board meeting that occurred on September 8, 2008.  According to Plaintiff, the four (4) Individual Defendants all provided deposition testimony that the termination of Plaintiff's employment was not discussed until shortly before the Executive Session on September 8, 2008.  However, Plaintiff contends that the deposition testimony of the Individual Defendants is contradicted by the deposition testimony of other members of Council, who are not named Defendants.   The time frame regarding when Council first learned that Plaintiff had filed an EEOC claim is critical to Plaintiff's claims of retaliation and discrimination due to political affiliation.  The Court has previously ruled that whether and which Defendants were on notice in May, June, July, August, or September is a subject for cross-examination at trial.

The instant motion relates to a number of anonymous blogs which were posted on the "YourSouthhills.com" website, an interactive discussion board on the Internet owned by Trib Total Media, Inc.  The blogs were made during the period of May 1, 2008 until June 8, 2008, a time period which Plaintiff contends is in "very close proximity to the time when the Plaintiff reasonably believes that Defendants were about to take an adverse employment action against him."  A number of people using "YourSouthhills.com" were engaged in ongoing discussion of the activities of the government of Jefferson Hills Borough through the referenced anonymous blogs.

On January 22, 2010, Plaintiff served a Subpoena Duces Tecum on Trib Total Media, Inc., in which he sought the disclosure of certain materials submitted to Trib Total Media, Inc., by the users of seven (7) specified screen names on the "YourSouthhills.com" message boards, including information that would disclose the true identities of those users.[1]  On January 29, 2010, through its attorney, Trib Total Media informed Plaintiff that it objected to the subpoena and would not produce any documents pursuant to the subpoena unless ordered by the Court.

In his Motion to Compel, Plaintiff argues that "[m]any of the posts which are the subject of the Subpoena were made precisely at the same time the Borough received the EEOC documents and leading up to the Executive Session that occurred on June 9, 2008" and that the identity of the bloggers would be relevant to impeach the testimony of the four (4) Individual Defendants.

**Community Agreement and Privacy Policy of YourSouthhills.com**

In order to post comments on the YourSouthhills.com online site, a person first must register for an online account. In the registration process, a user is required to provide the following personal identifiable information: name, e-mail address, zip code and age. *See* Mot.,

---

[1] Plaintiff did not provide a copy of the Subpoena Duces Tecum which was served upon Trib Total Media, Inc., to the Court and thus, the Court has not been apprised of the exact description of the sought-after material or the exact number of anonymous speakers at issue.  However, Plaintiff did provide a copy of correspondence received from Attorney Ronald Barber, who represents Trib Total Media, Inc., in which Attorney Barber states that the "subpoena calls for the disclosure of certain materials submitted to the Trib Total Media, Inc. by the users of seven (7) specified screen names on the "YourSouthhills.com" message boards, including information that would disclose the true identities of those users." *See* Mot., Exhibit B.  However, in the Response to the Motion to Compel, Trib Total Media, Inc. states that Plaintiff "seeks to unmask nine of the anonymous participants in the Internet discussions." Response at 2-3 (emphasis added).

Exhibit A. The privacy policy of the Agreement discloses the information Trib Total Media will gather from its online users and how that information will be used, generally in a commercial manner. In pertinent part, the policy states the following:

> Personally identifiable information collected on the Site may also be used for other purposes, including, but not limited to, trouble-shooting and site administration. Certain third parties, our email service provider, for example may access the information.
>
> . . .
>
> The Company may also disclose your Information in response to a court order, [or] at other times when the Company believes it is reasonably required to do so, in connection with the collection of amounts you owe to the Company, or if we deem it appropriate to give your information to law enforcement authorities. . . .

## Analysis

The United States Supreme Court has consistently held that "an author's decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 342 (1995) (holding that a ban on distributing anonymous campaign literature violates the First Amendment, explaining that "[a]nonymity is a shield from the tyranny of the majority"). *See also Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 200 (1999) (invalidating a Colorado law which required that initiative-petition circulators wear a badge identifying the circulator's name as a violation of the First Amendment); *Talley v. California*, 362 U.S. 60, 65 (1960) (declaring invalid an ordinance that prohibits the distribution of handbills that fail to identify the name and address of those responsible for their creation and distribution). This First Amendment protection extends to speech via the Internet. *See Reno v. Am. Civil Liberties Union*, 521 U.S.

844, 870 (1997) (finding that Supreme Court precedent "provide[s] no basis for qualifying the level of First Amendment scrutiny that should be applied to [the Internet]").  As one district court has stated, "[t]he Internet is a particularly effective forum for the dissemination of anonymous speech."  *Sony Music Entm't Inc. v. Does 1-40,* 326 F. Supp.2d 556, 562 (S.D.N.Y. 2004) (copyright infringement action for the downloading and distribution of music via peer-to-peer file copying networks).

However, anonymous speech on the Internet, like speech from identifiable sources, does not have absolute protection.  Courts have ordered disclosure of identifying subscriber information in circumstances involving copyright infringement, *see In re Verizon Internet Servs., Inc.*, 257 F. Supp.2d 244, 267 (D.D.C. 2003), *rev'd on other grounds by RIAA, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C.Cir. 2003), and where the anonymous speaker allegedly made defamatory statements and disclosed confidential insider information online.  *See In re Subpoena Duces Tecum to Am. Online, Inc.*, No. 40570, 2000 WL 1210372, at *1 (Va. Circ. Ct. Jan. 31, 2000), *rev'd on other grounds by America Online, Inc. v. Anonymous Publicly Traded Co.,*, 542 S.E.2d 377 (Va. 2001) (defamation and breach of confidentiality action).

Neither the United States Supreme Court nor any federal appellate court has considered in a published decision the proper calculus for balancing the conflicting rights of an anonymous online speaker and an allegedly injured party. In the absence of such guidance, federal and state trial courts have developed a range of standards that plaintiffs must satisfy in order to obtain information related to the anonymous speaker's identity.  *See Enterline v.*

*Pocono Medical Center,* 2008 WL 519236 (M.D. Pa. 2008) (applying four-part test);[2] *Doe I v. Individuals*, 561 F. Supp.2d 249, 2554-55 (D. Conn. 2008) (setting forth a seven-factor test); *Doe v. Cahill*, 884 A.2d 451, 460 (Del. 2005) (holding disclosure may only be obtained if plaintiff comes forward with "facts sufficient to defeat a summary judgment motion"); *Krinsky v. Doe 6*, 72 Cal. Rptr. 3d 231, 245 (Ct. App. 2008) (collecting and analyzing cases); *Dendrite Int'l Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001) (requiring plaintiff to "set forth a prima facie cause of action").

---

[2]     *Enterline v. Pocono Medical Center* is a case which bears striking similarity to the case sub judice.  In *Enterline*, the plaintiff filed a lawsuit against her employer in which she alleged sexual harassment and retaliation.  The local newspaper published an article about the lawsuit, and in response several people anonymously posted comments opining on the parties and the facts underlying the case.  On the newspaper's motion to quash a subpoena issued to it seeking the poster's identifying information, the court determined that the identity of a third-party witness who has posted anonymously on a topic relevant to a civil suit should be disclosed only after the application of a four-part test.  The court derived the test from an emerging consensus of courts which have faced a somewhat different issue, namely, disclosure for the purpose of permitting a plaintiff to sue anonymous speakers for defamatory remarks.  The four-part test adopted by the *Enterline* court is as follows:

(1) The subpoena seeking the information was issued in good faith and not for any improper purpose; (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) the information sufficient to establish or to disprove that claim or defense is unavailable from any other source.

*Enterline*, 2008 WL 5192386 at * 5 (*quoting Doe v. 2the Mart.com Inc.,* 140 F. Supp.2d 1088, 1095 (W.D. Wash. 2001)).

The court in *Enterline* added a further requirement that the disclosure of the identity of a third party who had not posted anything defamatory or injurious would occur "only . . . in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker." *Id.*

However, it is clear that a party seeking disclosure must clear a higher hurdle where the anonymous poster is a non-party. *See 2TheMart.com*, 140 F. Supp.2d at 1095 ("[N]on-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker.").

There have been very few cases in which the anonymous poster is sought simply as a witness -- that is, where the poster is alleged to possess information relevant to the case and is not sought as a potential party. *See Enterline v. Pocono Med. Ctr. (*explaining that, because plaintiff could not even satisfy the relatively low-burden test that she herself advocated, the court was not required "to determine the full extent of the First Amendment right to anonymity" in this context);  *Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. Ct. App. 2007) (appellate court found that where anonymous poster is a nonparty witness "along with a number of known witnesses with the same information," the "potential for chilling speech by unmasking the identity of an anonymous or pseudonymous internet speaker" weighs against disclosure when a balancing test is performed).

**Discussion**

Trib Total Media objects to the subpoena served upon it by Plaintiff and the "attempt to strip anonymity from those who choose to engage in political discussion and debate on its website." Response at 4.  Plaintiff replies (i) that Trib Total Media does not have standing to assert an anonymous poster's rights;  (ii) that the terms of service of the blog do not create any expectation of privacy; and (iii) that the identity of the anonymous internet speakers should be disclosed because the blogs were made "precisely at the time when the Borough received notice of the EEOC claim."  Reply at 6.

Plaintiff's first argument - lack of standing - can be rejected rather summarily. The trend among courts which have been presented with this question is to hold that entities such as newspapers, internet service providers, and website hosts may, under the principle of *jus tertii* standing, assert the rights of their readers and subscribers. In fact, the district court in *Enterline* expressly held, as a matter of first impression, that a newspaper had standing to assert the constitutional rights of anonymous posters to its website. *Enterline*, 2008 WL 5192386 at *3 (*citing, inter alia, Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392 (1988)). The *Enterline* court concluded that "the relationship between [the newspaper] and readers posting in the [n]ewspaper's online forums is the type of relationship that allows [the newspaper] to assert the First Amendment rights of the anonymous commentators." *Id.* The court further held that (1) "the anonymous commentators to the [newspaper] website face practical obstacles to asserting their own First Amendment rights" because doing so would require revelation of their identities; (2) the newspaper itself "displays the adequate injury-in-fact to satisfy Article III's case or controversy requirements;" and (3) the newspaper "will zealously argue and frame the issues before the Court." *Id.* at *4.

This Court agrees with the decision and reasoning employed by Judge A. Richard Caputo in *Enterline* and, therefore, finds that Trib Total Media clearly has third-party standing to assert the First Amendment rights of individuals anonymously posting to its YourSouthhills.com website.

Plaintiff's next argument -- that the terms of service of the blog do not create any expectation of privacy -- can also be summarily rejected. Plaintiff states "that the terms of this

agreement do not provide that the identity of the user will be protected." Reply at 5. However, the Court disagrees with this argument.

The terms of service has a separate section entitled "**Privacy Policy,**" which specifically states that "[p]rotecting consumer privacy online is important to us. By taking steps to protect the privacy of our members, we also hope to increase members' confidence in the site and as a result, increase their online activity." The Privacy Policy also cautions users "to be cautious and responsible whenever you are online. Should you choose to voluntarily disclose Personally identifiable information in public areas on the Site, such as in discussion boards, chat areas, blog entries, advertising or notices you post, that information can be viewed publicly and can viewed publicly and can be collected and used by third parties without [the Company's] knowledge . . . ."

The Privacy Policy also states that Trib Total Media will use personally identifiable information "only as permitted by law," and

> may be used to communicate with you about something you have posted, the community agreement, or privacy policy, products or services offered by YourSouthhills.com or the Company, administration of contests, processing e-commerce transactions or other topics the Company believes you may find interesting. Personally identifiable information collected on the Site may also be used for other purposes, including, but not limited to, trouble-shooting and site administration. Certain third parties, our e-mail service provider, for example, may access the information. . . .
>
> The Company may also disclose your information in response to a court order, at other times when the Company believes it is reasonably required to do so. . . . .

*See* Mot. to Compel, Exhibit A, Community Agreement and Privacy Policy.

The Privacy Policy clearly reflects that Total Trib Media will disclose its users personally identifiable information only in very limited situations. Thus, the Court finds that the terms of service of the blog create an expectation of privacy for any registered user.

Plaintiff's third and last argument is that the personally identifiable information of the bloggers should be disclosed because "the identity of the bloggers would be relevant to impeach" the testimony of the four (4) Individual Defendants. In determining whether the disclosure of the identity of the anonymous Internet bloggers is appropriate in this case, the Court will adopt the same four-part test as applied by the *Enterline* court:

> whether (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.

Applying the first of the four factors to the case sub judice, the Court finds that the subpoena was issued in good faith and not for any improper purpose. The Plaintiff is pursuing claims of retaliation and discrimination due to political affiliation against the Defendants and is seeking to obtain the identities of anonymous commentators which have posted comments regarding the government of Jefferson Hills Borough on YourSouthhills.com during the time period immediately preceding the termination of Plaintiff's employment.

Turning to the second factor, the Court finds that the information sought relates to a core claim in the Plaintiff's case, namely the time frame when the Defendants first learned that Plaintiff had filed an EEOC claim and when the determination to terminate Plaintiff's employment was first discussed.

However, as to the third factor, the Court finds that Plaintiff has not demonstrated that the identifying information is directly and materially relevant to that claim or defense. Rather, as Plaintiff concedes, the information is not directly relevant to Plaintiff's claim, but rather potentially may relate to impeachment.

As to the fourth and final factor, again the Court finds that Plaintiff has not demonstrated that the information required to impeach the Individual Defendants is not available from other sources. "Even though it may be impossible to learn the identity of specific commentators posting to [YourSouthhills.com] website without [Trib Total Media's] compliance with the subpoena, the Court is not persuaded that the identity of these anonymous posters is necessary for the Plaintiff to effectively pursue" impeachment of the Individual Defendants. *Enterline,* 2009 WL 5192386 at *6. Accordingly, the Court believes that much of the information Plaintiff hopes to uncover after learning the identities of the anonymous internet speakers is information that has been, or will be, obtained through normal, anticipated forms of discovery.

Distilled to its essence, Plaintiff's attempt to obtain the personally identifiable information of the anonymous internet speakers is a fishing expedition based on speculation that the anonymous bloggers will be able to impeach the deposition testimony of the Individual Defendants. While disclosure of the anonymous speakers' identities may certainly be helpful to Plaintiff, the Court does not believe that this is the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speakers.

**Conclusion**

In sum, the Court finds that Total Trib Media has standing to assert the First Amendment rights of the anonymous internet speakers who have posted blogs on the "YourSouthhills.com" website. This third-party standing is appropriate because the anonymous speakers face practical obstacles preventing them from asserting their own rights, Total Trib Media satisfies the Article III injury-in-fact requirements, and Total Trib Media has shown that it will zealously argue and frame the issues before the Court.

The Court also finds that disclosure of the anonymous internet speakers' identities is not appropriate under the rights guaranteed by the First Amendment. Even though the Court finds that the subpoena was issued in good faith and that Plaintiff seeks information directly and materially relevant to his core claims, the Court also finds that information sufficient to impeach the four (4) Individual Defendants should be and is available from other sources. Since Plaintiff is able to obtain the information needed to pursue impeachment through means that do not encroach on the First Amendment rights of the anonymous internet speakers, the motion to compel will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. McVICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-00436 |
| | ) | |
| CHRISTOPHER W. KING, Jefferson Hills Borough Council Member in his official and individual capacity; JAMES A. WEBER, Jefferson Hills Borough Council Member in his official and individual capacity; JANICE R. CMAR, Jefferson Hills Borough Council Member in her official and individual capacity; and KATHLEEN REYNOLDS, Jefferson Hills Borough Council member in her official and individual capacity; and THE BOROUGH OF JEFFERSON HILLS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this 3rd day of March, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Compel filed by Plaintiff, William L. McVicker, is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Fred C. Jug, Jr., Esquire
Brandt, Milnes & Rea
Email: fredjug@covad.net

Robert J. Grimm, Esquire
Swartz Campbell
Email: rgrimm@swartzcampbell.com

Ronald D. Barber, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: rbarber@smgglaw.com